UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ADRIANE MOEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04047-SLD-RLH |
| | ) |
| JOHN WOOLRIDGE, a/k/a JON WOOLRIDGE, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Adriane Moen's Motion to Allow Service Pursuant to Rule 4(e)(1), ECF No. 9. For the following reasons, the motion is GRANTED.

BACKGROUND

On February 24, 2025, Plaintiff filed this suit against Defendant John Woolridge, a/k/a Jon Woolridge, alleging violations of federal and state sex trafficking laws. *See generally* Compl., ECF No. 1. The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and ordered that service of process be carried out by the U.S. Marshals Service ("USMS"). Mar. 18, 2025 Text Order. USMS attempted to serve Defendant but was unable to do so because Defendant no longer lives at the address provided by Plaintiff. *See generally* Unexecuted Summons, ECF No. 8. The Court directed Plaintiff to provide an updated address for Defendant, Apr. 22, 2025 Text Order, but she asserts that she has been unable to find any "other current physical address for Defendant," Mot. Serv. R. 4(e)(1) ¶ 4. Instead, Plaintiff now moves for an order permitting service of process by electronic means pursuant to Federal Rule of Civil Procedure 4(e)(1) and Illinois Supreme Court Rule 102. *See generally id.*

1

## DISCUSSION

I. **Legal Standard**

Rule 4(e)(1) allows for an individual defendant to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." If service via traditional means is shown to be impractical, Illinois allows for service of process by special order of court "in any manner consistent with due process," including, as of April 24, 2023, e-mail and social media. 735 ILCS 5/2-203.1; Ill. Sup. Ct. R. 102(f)(1)(A)–(B).

To take advantage of service of process via e-mail or social media, a plaintiff must make a motion pursuant to section 2-203.1 of the Illinois Code of Civil Procedure requesting that the court order an alternative method of service.

> The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.

735 ILCS 5/2-203.1. The affidavit must explain why service of summons via either of the following traditional methods is impractical:

> (1) . . . leaving a copy of the summons with the defendant personally, or (2) . . . leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

*Id.* 5/2-203(a). Additionally, the affidavit must include the reasons why the plaintiff believes the defendant "has recently sent and received transmissions from a specific e-mail address or telephone number or . . . maintains an active social media account on the specific platform utilized for service." Ill. Sup. Ct. R. 102(f)(2).

Before ordering service by social media or e-mail, the court must be satisfied that the defendant "has access to and the ability to use the necessary technology to receive and read the summons and documents electronically." *Id.* 102(f)(1); 735 ILCS 5/2-203.1; *see also MetroPCS v. Devor*, No. 1:16-cv-02949, 2016 WL 9227406, at *1 (N.D. Ill. June 1, 2016) (granting motion brought under section 2-203.1 and allowing service via Facebook and e-mail after finding that the plaintiff "ha[d] made a diligent attempt and reasonable efforts to effect service . . . and it [wa]s clear that further attempts of traditional methods of service would prove futile").

**II.    Analysis**

Plaintiff asserts that she "has conducted a diligent inquiry to locate Defendant, including searching public records, conducting web searches, and using available investigative software to locate Defendant," but that her searches have been unsuccessful. Mot. Serv. R. 4(e)(1) ¶ 4. Plaintiff further states that her indigency precludes her from being able to "afford hiring expensive private investigators or pursuing other costly methods of locating and serving Defendant." *Id.* ¶ 6; *see also* Mar. 18, 2025 Text Order (granting Plaintiff leave to proceed IFP). Plaintiff includes an affidavit from her attorney, Sara Ghadiri, attesting to the efforts made to locate Defendant. *See generally* Ghadiri Aff., Mot. Serv. R. 4(e)(1) Ex. A, ECF No. 9 at 6–8. Ghadiri attests that she "ha[s] conducted skip traces through public records searches, used internet searches, and ha[s] used other investigative programs to attempt to locate a physical address for Defendant." *Id.* ¶ 3; *see also* Public Records Search Results, Ghadiri Aff. Ex. 1, ECF No. 9 at 9–14 (indicating that Defendant's most recent address, last reported on February 14, 2023, is 18039 N. 12th Place, Phoenix, AZ 85022-1217—which is the same address where USMS unsuccessfully attempted service).

Section 2-203.1 allows a court to order alternative service only after the plaintiff shows that (1) she has made a "diligent inquiry as to the location of the individual defendant," and (2) "reasonable efforts" to personally serve the defendant have been unsuccessful. 735 ILCS 5/2-203.1; *see also R.R. Maint. & Indus. Health & Welfare Fund v. Mahoney*, No. 19-cv-03214, 2021 WL 1224899, at *2 (C.D. Ill. Mar. 31, 2021). The Court finds that these requirements have been met. Ghadiri's affidavit and exhibits detail "the nature and extent of the investigation made" to locate Defendant, 735 ILCS 5/2-203.1. *See generally* Ghadiri Aff. And a U.S. Marshal declared under penalty of perjury that Defendant is "no longer at address provided," Unexecuted Summons 2 (capitalization altered),[1] thereby demonstrating that "reasonable efforts to make service have been unsuccessful," 735 ILCS 5/2-203.1.

Having found that the affidavit requirements of section 2-203.1 have been met, the Court turns to the specific means of service Plaintiff proposes to use: e-mail and private direct message to Defendant's Instagram social media account.

A defendant's right to notice of a lawsuit filed against him is rooted in constitutional principles of due process. *See United States v. Jiles*, 102 F.3d 278, 282 (7th Cir. 1996) ("[S]ervice of process laws are designed to ensure defendants receive notice in accordance with concepts of due process."). To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "[I]n recognition of society's increased use of electronic methods to communicate," Illinois allows notice to be sent via e-mail and social media so long as certain procedural safeguards are followed. Ill. Sup. Ct. R. 102(f) committee's note to 2023 amendment.

---

[1] The Court uses the page numbers generated by CM/ECF because the Unexecuted Summons is inconsistently paginated.

Indeed, service via e-mail and social media are often "much more likely to notify a defendant of an action against him than service by publication" or other traditional means.  Alyssa L. Eisenberg, *Keep Your Facebook Friends Close and Your Process Server Closer: The Expansion of Social Media Service of Process to Cases Involving Domestic Defendants*, 51 San Diego L. Rev. 779, 781–82 (2014); *see also* Emily Davis, *Social Media: A Good Alternative, for Alternative Service of Process*, 52 Case W. Rsrv. J. Int'l L. 573, 589–90 (2020) ("If the purpose of service is to actually provide a defendant with notice, then using social media makes a lot of sense . . . .").

Here, Plaintiff asserts that "Defendant actively uses Instagram and can be reasonably expected to receive and read communications sent through these channels" and that his Instagram account includes an e-mail address.  Mot. Serv. R. 4(e)(1) ¶ 10.  Ghadiri provides screenshots from Instagram account @uncle.jonh3 and attests that Plaintiff has verified that the photos on that account depict Defendant.  Ghadiri Aff. ¶ 6; Instagram Screenshots, Ghadiri Aff. Ex. 2, ECF No. 9 at 15–22.[2]  The screenshots show photos that were posted to Defendant's Instagram account within the two weeks preceding the filing of the instant motion.  *See, e.g.*, Instagram Screenshots 21; John Woolridge III (@uncle.jonh3), *Instagram* (Apr. 14, 2025), https://www.instagram.com/p/DIcZkdgOZTb (showing that that photo depicted in the screenshot was posted on April 14, 2025).  Ghadiri also provides a screenshot from a YouTube account which lists an email address, unclejonhmusic@gmail.com, and the same Instagram account name, @uncle.jonh3.  YouTube Screenshot, Ghadiri Aff. Ex. 3, ECF No. 9 at 23–24.  Ghadiri states that she has been unable to determine if the e-mail address is active, and that is why she

---

[2] Ghadiri also provides a screenshot from the Instagram account @doughfromdago, but she does not propose to serve Defendant via that account.  *See* Instagram Screenshots 16; *see also* Ghadiri Aff. ¶ 6 (identifying only @uncle.jonh3 as Defendant's Instagram account).  Accordingly, the Court only addresses the @uncle.jonh3 account.

proposes to serve Defendant via both e-mail and Instagram private direct message to increase the chances that Defendant will receive actual notice of this lawsuit. Ghadiri Aff. ¶¶ 7–9.

Based on the evidence provided, the Court is satisfied that Defendant "has access to and the ability to use the necessary technology to receive and read the summons and documents electronically," Ill. Sup. Ct. R. 102(f)(1), and that service via e-mail and Instagram private direct message is "reasonably calculated" to provide Defendant with actual notice of this action, *see Mullane*, 339 U.S. at 314. Plaintiff has demonstrated that (1) the Instagram account @uncle.jonh3 likely belongs to Defendant, (2) Defendant actively maintains that Instagram account, and (3) the email address unclejonhmusic@gmail.com is associated with Defendant's Instagram account and other social media accounts. *See* Ill. Sup. Ct. R. 102(f)(2); *see also Maharishi Found. USA, Inc. v. Love*, No. 4:16-cv-52-JAJ-HCA, 2016 WL 11606685, at *2 (S.D. Iowa Sept. 19, 2016) (permitting service via e-mail and private Facebook message after the plaintiff "established that [the] defendant frequently and regularly uses one or all of the social media platforms by which [the] plaintiff propose[d] to accomplish service"). "Under the circumstance presented here, service by [e-mail and Instagram private direct message], albeit novel and non-traditional, [are] the form[s] of service that most comport[] with the constitutional standards of due process." *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (N.Y. Sup. Ct. 2015).

"[S]ervice of process represents an important value on the whole—notice to defendants that they are being sued—even if it seems like a frustrating formality from time to time . . . ." *United States v. Ligas*, 549 F.3d 497, 504 (7th Cir. 2008) (Evans, J., dissenting). After careful consideration, the Court finds that Plaintiff has complied with the statutory requirements of section 2-203.1 of the Illinois Code of Civil Procedure and is satisfied that the proposed alternative methods of service are reasonably calculated to reach Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff Adriane Moen's Motion to Allow Service Pursuant to Rule 4(e)(1), ECF No. 9, is GRANTED.

Under Federal Rule of Civil Procedure 4(c)(2), Plaintiff is prohibited from serving Defendant directly. Therefore, Plaintiff's attorney is DIRECTED to serve Defendant John Woolridge, a/k/a Jon Woolridge by June 9, 2025, via (1) private direct message to Defendant's Instagram account, @uncle.jonh3, and (2) e-mail to Defendant's e-mail address, unclejonhmusic@gmail.com. Plaintiff's attorney shall attach a copy of the summons and Complaint and include the following language in the Instagram private direct message and e-mail: "Important information--You have been sued. Read all of the documents attached to this message/e-mail. To participate in the case, you must follow the instructions listed in the attached summons. If you do not, the court may decide the case without hearing from you, and you could lose the case." By May 19, 2025, Plaintiff's attorney shall mail a copy of the summons and Complaint to the address of Defendant's last known residence. *See* Ill. Sup. Ct. R. 102(f)(3).

Plaintiff is DIRECTED to file proof of service with the Court by June 23, 2025. In accordance with Illinois Supreme Court Rule 102(f)(4), the proof of service shall contain:

> (A) The details of how service was made, including the date service was made; the identity of the social media platform, cellular telephone number, and/or e-mail address used; the address of defendant's/respondent's last known residence; that a copy of the summons, complaint/petition, and any other required documents were attached to the message; and the date on which a copy of the summons, complaint/petition, and any other required documents were mailed to defendant's/respondent's last known residence; and
>
> (B) A screen print of the social media direct message . . . [and] a copy of the sent e-mail transmission.

Entered this 9th day of May, 2025.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE